May it please the Court, Counsel. Good morning. My name is Eric Manch. I represent the appellant, Mr. Perez-Gomez, in this matter. With permission of the Court, I'd like to reserve two minutes for rebuttal. With my time here, I'll go straight into what I believe are the dispositive issues of this appeal and in this discussion. First of all, I'd like to address the definition of the categorical crime of violence in this case and how we arrive at whether Mr. Perez-Gomez, the appellant's conviction in this case, is a categorical crime of violence. I believe that this Court needs to consider the definition of sexual abuse of a minor as provided under 18 U.S.C. 2243 in defining the Federal generic definition of the offense. As discussed previously before oral argument, Strada Espinoza, this Court's previous cases on this issue clearly set forth that the Federal definition, as proposed originally by Taylor, requires this Court to consider specific congressional guidance as to the elements of the offense in arriving at a categorical – well, at arriving at a generic definition of the offense. So it is imperative that we consider the sexual abuse of a minor definition as provided under Federal law. The government points out that because this definition applies specifically to sexual abuse of a minor and not a – not so-called statutory rate that it is inapplicable, I would disagree for reasons stated at – stated both in my initial brief and in my reply. The definition set forth in the Federal statute clearly parallels and clearly indicates the commonly understood definition of statutory rate as it is set forth in States throughout the United States. So any application and interpretation by this Court is clearly relevant in establishing the elements of the offense. And also, along with that, accepting that that it is important for this Court to consider that definition, we have to consider the affirmative defenses along with that definition in understanding the clear breadth of the generic definition and whether the State definition falls within the definition of that offense. The Federal definition clearly states that – clearly provides a reasonable mistake-of-age defense. The Ohio statute does not and permits merely reckless – recklessness as to the victim's age and, as a consequence, covers behavior that is – that is overbroad with respect to conduct and – How is it overbroad? It is overbroad in the respect that the Ohio definition would allow for essentially recklessness with respect to the victim's age. The Federal statute does not. It clearly sets out that a reasonable mistake-of-age, which can be attributed to knowing a knowing but unreasonable mistake as to the victim's age, is a defense under the Federal statute, whereas under the – under the – under the Ohio statute. That strikes me that the Ohio statute might actually be narrower in that regard. Well, I was – In other words, if you can have a reasonable mistake-of-age as a defense in a Federal statute, in Ohio you can't have a reasonable mistake-of-age. You can only – you can only be reckless in that. Well, I would – I would disagree as to that, because essentially you cannot distinguish between the – you cannot effectively distinguish between recklessness and – I see that I'm running up. I've already talked four minutes, so I'm going to reserve the remainder of my time for rebuttal. Well, counsel, you have – you've only used four minutes of your time. You have five minutes left. Well, I just – I was going to reserve the balance. What about the fact that the actual conviction was an attempt, not the actual statutory rape? What difference does that make? Indeed, that is a further significant point that must be addressed. In fact, that goes to the modified categorical analysis in this case, which clearly indicates that – that there was, in fact, no use of physical force. There was no attempted use or threatened use of physical force in this case. And as a consequence, this conviction essentially fails the modified categorical analysis once we reach that step. So it's important that Your Honor bring that point up. If I may continue, which brings me to another important point in this case, the Ohio statute further includes no requirement of physical force or risk of harm. I would argue that in the – both in the Supreme Court's most recent opinion, Begay v. United States, and in United States v. Christians, and this is a further requirement for a crime of violence in order to fall within the categorical definition, there must be an element of use, threatened use or attempted use of physical force or some risk of physical harm upon the person of another. The statute at issue in the Ohio case does not require this. It is for this reason – It doesn't require what? It doesn't require the use, attempted use or threatened use of physical force upon the person of another. So for this reason, you can easily have a conviction that has no risk of physical harm, physical injury or physical element of attempted use. And you look at the record. That's what we always get with statutory rape. Exactly. It's statutory. Exactly. And for that reason, what you have with statutory rape is you have an offense that – But we've previously approved statutory rape as the guidelines provide for that. And that is part of the problem which I think indicates – has been indicated with United States v. Christians and its most recent line of cases pointed out that these offenses do not contain any – it is important – it is now incumbent upon both the district court to consider whether in determining whether a crime is in fact a crime of violence, whether this element is a part of the statute, notwithstanding whether an offense is actually listed as an enumerated crime of violence or not. And the reason for this is if you track back the reasoning found in United States v. Christiansen and the cases which interpret the violent felon, the Armed Criminal Career Act and the definition 4B1.2, all of which refer back to the issue of crimes of violence and violent felonies, all of which track back to 18 U.S.C. 16, all of these offenses refer back to this definition of a crime of violence as being a defense that contains the use, threatened use, or attempted use of physical force upon the person of another. If the court is following only the commentaries to these guidelines, then it is interpreting the guidelines in such a way that effectively contradicts a Federal statute. Are you saying that statutory rape is not a crime of violence? It's not necessarily a categorical crime of violence. You have to apply and look – you have to look at the definition to see if there is an element of use, attempted use, or threatened use of physical force upon the person of the other. You're suggesting that the guidelines are inconsistent with the statute. Exactly. Okay. So the guidelines are, what, unconstitutional? They're extra-statutorial? No, they're not unconstitutional, but they have to be interpreted in such a way that they are consistent with the statutory. Don't the guidelines expressly say that statutory rape counts? Again, it's an enumerated offense within the commentary. But this is a commentary, you have to remember, to the two guidelines. Right. Which is binding on us, right? It's only to the extent that it doesn't contradict a Federal statute or the Constitution or the guidelines themselves. So I would submit that to interpret it in such a way as to contradict the definition contained within the Federal statute of a crime of violence is in fact contrary to, as well, contrary to Federal statute, and now I'll reserve the balance. Thank you, counsel. We'll give you time for rebuttal. Good morning. May it please the Court. Celeste Corlett here on behalf of the United States District of Arizona. The district court did not err in finding that the Ohio statutory rape conviction qualified as a crime of violence pursuant to 2L1.2. The Ohio statute qualifies as a crime of violence as this Court has already defined it in Gomez-Mendez under the purpose of Section 2L1.2. Can I ask you, does 2L1.2 require that it be an offense punishable by imprisonment for a term exceeding a year? 2L1.2 is, I believe it is more than one year. Right. And did this, was this for a crime that exceeded a year? Sorry, Your Honor, I don't even recall what the sentence was. That wasn't raised in the appeal, so I didn't recall. Was that written in the Ohio statute? It seemed to say that the punishments were something like 9, 10, 11, or 12 months. I'd have to look at that, Your Honor. I don't recall what the sentence was in this particular case or what the possible sentence was. 6, 7, 8, 9, 10, 11, or 12 months. If this is a felony in the fifth degree, do you know what degree this felony is? I'd have to look at that, too, Your Honor. We're dealing with the conviction for attempt, so that's what we're looking for. Well, on an attempt, Your Honor, I'd ask whether or not that applies in this case or that would change anything. And the guidelines under 201.2 say that attempts still do qualify as crime of violence. I'm sorry, is that what you were asking me? Well, I guess, along with Judge Reinhart's question, is what is an attempt punishable as? How many months? Oh, in this particular Ohio statute? Yeah. I'm sorry, Your Honor, I just have to take a minute to look and see in this particular case. Well, there are two questions, really. If you don't know the answer to this, you can always send us a letter. The second question is what would your answer be to what we ought to do if it turns out that this crime, the maximum punishment was, did not exceed a year, where 12.1.2b says that it applies only to offenses that do exceed, for a term that do exceed a year, then what would you, that's the second part of the question, then what would your answer be as to what we should do? On whether or not this one exceeds one year, if it's required under the statute that they exceed one year? Now, there are two questions. One, does it, is this a crime punishable by a term that may exceed a year? And you don't know because you don't have the Ohio statute. Yes. That you can notify us about in a letter. The second question is if it turns out that it is a statute that does not exceed a year, then what should we do? I would have to look at that again also, Your Honor. I'm sorry. That wasn't raised in the reason I hadn't looked at that. Yeah. What I, off the top of my head, but I don't want to commit to that because I really would feel more comfortable looking at the case on that. But it does appear that it's that the maximum sentence would have to be greater than a year to qualify as a felony, as an offense under. All right. Then let's assume that it does, and that may not be right. I mean, you'll tell us whether that's right. And as you also said, that's not been raised. What do you think that a court should do if it knows that it's an offense that should not have been an enhancement, but there was and it's not raised in the brief? Well, I would say if it's not raised in the brief that they've waived it. They didn't waive it below. They didn't waive it before this Court. Can you waive something that's so obvious, though? I mean, if we cannot get an enhancement unless the crime exceeds one year, and that's the language that the guidelines use, exceeds a year, and it is plain to us and to the government and to everybody else that the Ohio statute only punishes up to one year so that it does not exceed a year, then what should we do? That's an error then that would be obvious to us off the face of the statute without looking at any record. I mean, it still seems that they would have waived that issue, even if it's obvious, because the issue was whether or not it was a crime of violence, and that's what they argued and they haven't even raised it here. Well, they said it was a crime of violence. They didn't give that reason for why it wasn't a crime of violence. I think the distinction was made in the prior argument that you may or may not have picked up on. The Supreme Court has drawn a distinction between rights that are waived and rights that are forfeited. Right, right. Usually a waiver is a knowing waiver. It doesn't look like anybody may have recognized this problem. Well, I disagree with that because whether or not he raised it doesn't mean that he didn't recognize it. He's not claiming today that he didn't recognize it. He doesn't claim it in his appeal before you. Anyone in his right mind would have raised it if he recognized it. I mean, that would make it clear that the enhancement could not be applied. So there's no possible reason for not raising it other than not recognizing it. Well, Your Honors, I would ask for further briefing on that since it wasn't raised in the bill and the government hasn't had an opportunity to review the case on that area and to discuss it. I would also say that under 3553 the court can sentence somebody not once they consider the guidelines, then they can still sentence them based on what the character of the defendant was, what the type of offense is, his criminal history. So all of those factors. That would be a different set of considerations at that point if the court knew that this did not qualify as a crime of violence. The court might be able to take it into account in other ways, but it couldn't take it into account in the way in which the district court did it in this case. I don't believe the court did take that into account. That's correct. What I would like to address is... When you look at the statute, it would appear that this is a fifth degree felony. A fifth degree felony or a fifth degree offense cannot be a felony because the punishment does not exceed one year. I believe, Your Honor, obviously, that you've looked at this and I just haven't had a... I'm pointing you to the place to look. I appreciate that. Certainly, a common law, a felony requires exceeding a year, and that's what the Federal Guidelines talked about. A State can call an offense anything. They can call a misdemeanor a felony, a felony a misdemeanor. But what counts is what it is under Federal law, not what the State calls it. Certainly, when common law or the Federal government talks about a felony, we're talking about more than a year, and that's what the Guidelines recognize. I mean, I have to say that sounds correct, Your Honor, but I just haven't looked at it carefully. Okay. Well, if we need a further letter, we'll let you know and see what you have to say at that point. Your Honor, if it turns out that the Guidelines still do apply, then I would just like to point out that Defense Counsel's reliance on beguet is misplaced. That's under the Armed Career Criminal Act. Even after beguet was decided, this Court in Gomez-Leon recognized beguet, discussed beguet, and still said that the enumerated offenses under the Guidelines 201.1 still do not require physical force. So that does not apply. Additionally, if the Guidelines wanted to use 1101A to define defense of statutory rape, it knows how to do it. Obviously, it did it for the eighth-level enhancement reference to 1101, and as this Court held in Rodriguez-Guzman, it also knows how to when it wants to define that statute. One thing that is important, at least to me, is the very light sentence that was imposed by the State in comparison to what we're now treating as a felony and an enhancement of about 10 years. Well, the amendment to the Guidelines in the Amendment 722 to the Guidelines in November 1st of 2008, which is before this offense, has a new provision that allows for when a categorical enhancement may not adequately reflect the seriousness of the offense, a defendant can ask for a departure. And they specifically talk about those type of crimes. So the amendment for the Guidelines allows for defendants when, even under the categorical, under the crime of violence and the enumerated offenses, they still believe that it's too harsh, they can ask for a departure. To know whether the State punishment reflects the seriousness of the offense may depend on the facts of the case. The facts of this case are a little odd, and their facts aren't really found, but it's fairly clear what the State court and the law enforcement authorities thought. They didn't think it was really a serious offense, not because the type of offense they didn't think was serious, but what actually happened they didn't think was serious. You look as if you may disagree, but, you know, I mean, this story doesn't make a lot of sense. I had sex with him seven times, and the first time it was not consensual. She can't be saying she had sex seven times between the time they called in and said there's a man crawling through the window and the time the cops arrived. I mean, it would take two things for that. One, a remarkable set of people, and two, the cops must be awfully, awfully slow there. Well, Your Honor, I disagree that the sentence necessarily reflects how serious the courts take it, because often- What is it? Well, how seriously they take this offense, because oftentimes in this particular case the individual was an illegal alien, and oftentimes the courts, the State courts decide they're going to get deported based on this offense anyway and don't keep them in a long time, and they know they're going to be deported shortly. So I don't think that we can look at the actual sentence and say the court didn't take it seriously. I think the court took it seriously in that they convicted him under a very serious offense, and I think that we can take it seriously, the medical evidence that showed that there was harm to this girl. And so I think that the court took it seriously, and I'm sure that that child took it seriously, too. I mean, when she had that intercourse six times voluntarily? She didn't say she had intercourse six times voluntarily. She said seven times, she said, and the first time was involuntary. And that's the whole point of these type of offenses. These are children- Well, did this all happen in one evening, these seven times? No, I don't think that was what the facts were. Well, then when he crawled through her window, it was after five times they voluntarily had sex? What I understood the facts were that the first time he crawled through her window and forced her to have sex. Well, why do you say he crawled through the window the first time? Exactly. It doesn't say that he crawled through the window the first time they had sex. I need to look at the facts again, but- They crawled through the window that evening when they came and arrested him and found him in her closet. And she said that she did not want to have sex with him. She said the first time. Even if she had not wanted to have sex with him one time out of those seven times, that's abuse. That's statutory rape. No, that's true. I'm just trying to find- But the story didn't make a lot of sense. Well, I- I think they may not have believed the story. I don't think that we can tell from the record whether or not they believed it. No, that's the whole point. You really can't tell from this record what really happened. And I think a lot of time with child witnesses that they're not perfectly accurate. Well, this isn't a child witness. I mean, child witnesses who see events at the end of six or seven in a murder case, well, less than six and seven, five mainly, and wake up in the middle of the night and they say there were three black men and the next time they say there was one white man. That's the kind of story you say you don't believe a child on. A girl of- Is this 14 or 15? I believe- That's not a child witness. She is a minor. She's not an adult. I know. I'm not saying that she is not entitled to protection because she's a minor. I'm saying you can't say that you can't trust her story because she's only 14 or 15. I think in those type of circumstances you can when someone doesn't want to have sex, someone forces sex on them, and then comes back repeatedly and has sex again with them. After that, I think that you can say that- But you don't even know at that time that she didn't ask him to come back. So it's not-you can't say he forced it repeatedly. We don't have anything really to know what the facts were about that night, whether she asked him to come back. If she was going to have sex with him voluntarily, she probably wouldn't have said, ring the bell and tell my parents you want to come in. I think we're probably adding a lot of facts that aren't there. What we do know is that he was convicted of statutory rape. None of this really has anything to do with this. Trying to figure out what the facts were in this case was kind of interesting. And, Your Honor, just to end some, I would ask that the Court allow the parties to brief additional information on that particular issue of the one year because I'm afraid that since it wasn't brought up- No, if we decide that's relevant to the outcome, we will. Thank you, Your Honor. All right. Your Honor, three minutes, I think. I don't think you need three, but try two. Okay. Thank you, Your Honor. First of all, regarding the issue of the fifth degree felony, this was not my case originally when it was at the district court. So that perhaps may be the reason why that issue was not additionally addressed. I do believe it does need to be addressed, however, that it is significant to this appeal and that it was because the enhancement was objected to at the district court level that it is still a legitimate issue here. There's been a lot of discussion by the government about the circumstances of this offense. Of course, all of these facts refer to documents that were not judicially noticeable in this case and which were not able to be considered by the Court at the time of sentencing to establish in a modified categorical context whether there was any harm, any physical harm that happened in this case. So as far as that goes, we're looking at the amended indictment, the change of plea proceedings, which were all included in the record for this Court. Sotomayor, you had a chance to look at that statute, which appears to be that this is a Category 5, which is not punishable by an excess of 12 months. What's your reaction to that? Well, if that is in fact the case, Your Honor, then that places a question on whether this offense can be considered a crime of violence. Did you look at the statute with regard to that? I did. What did you find? What did I find? Yes. To the extent that it was not briefed by counsel, that was an honest omission on my part. I know that. I'm wondering what you think now. Well, as what I think now is that is a significant fact that should be considered by this Court as to whether it is a crime of violence or not, because that, in fact, would render it one of the essential elements of it being considered a crime of violence invalid. So it would not be. Because it couldn't be a felony? Well, it doesn't meet one of the necessary elements of being considered a crime of violence. Felony or misdemeanor. That would mean if it doesn't meet one of the necessary elements, what's your next sentence? Therefore? Therefore, the 16-point increase as applied to the defendant's offense level would be invalid. And thus, the entire focus of my appeal as to the validity of the 16-point increase as to the defendant's offense level rendering his sentence of 46 months would be invalid. And thus, this Court should accordingly grant my ---- should. Do you think we should consider whether or not under that statute it can be a felony? You didn't raise it, but are we able to consider it? I believe so, Your Honor. As to the specific issue, there may be additional briefing required as to whether this Court can consider it or not. However, because I believe the issue as to the underlying validity of the crime of violence was properly objected to at the trial court level, I do believe that it is an issue that can be considered by this Court, yes. All right. Thank you, counsel. Case just argued is submitted.
judges: Hug, Reinhardt, Bybee